**William M. COLVIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1342.**

United States Court of Veterans Appeals.

April 12, 1993.

### ORDER

Before KRAMER, MANKIN and HOLDAWAY, Judges.

PER CURIAM.

On March 8, 1991, the Court remanded the present claim to the Board of Veterans' Appeals (BVA or Board). The Court instructed the BVA that in order to reject the opinions of Drs. Cohen and Kassirer, "it was necessary for the panel to state its reasons for doing so and, more importantly, point to a medical basis other than the panel's own unsubstantiated opinion which supported the decision." *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). In most respects this was done and the Board supported its decision with independent medical evidence. However, as to one symptom, visual disturbance, this is not so. With respect to Drs. Cohen and Kassirer's contentions that visual disturbance in service might be indicative of multiple sclerosis, the Board opined:

> The veteran contends that vision of 20/100, corrected to 20/20, as shown by the report of examination at induction, represents a symptom of multiple sclerosis since his vision was blurred on the day of examination. With optic neuritis, a visual problem significant in the diagnosis of multiple sclerosis, correction from 20/100 to 20/20 would have been impossible. Although the vision subsequently frequently improves, the blurred vision reported at induction had to be due to visual loss; *if it were optic neuritis or other visual problems related to multiple sclerosis, it would not at that time have been correctable to normal 20/20.*

*William M. Colvin,* BVA 91–30619 (May 31, 1991) (emphasis supplied). In support of its opinion the BVA cited to several medical treatises. Insofar as the Court can discover from an examination of these treatises, they do not support the BVA's conclusion as to the portion of the decision in italics. The Board has offered no medical basis for this portion of its decision. It was to avoid this kind of problem that the Court, subsequent to its initial decision in this case, required that Board reliance on medical treatises should be indicated by pertinent quotations therefrom rather than just by bare citations. *See Hatlestad v. Derwinski,* 3 Vet.App. 213, 217 (1992).

Additionally, it is not clear whether the Board reopened appellant's claim and readjudicated it in light of all the evidence both new and old or if it merely rewrote its previous decision to comply with the "reasons or bases" requirement of 38 U.S.C.A. § 7104(d)(1) (West 1991). *See Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991) ("The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case."); *cf. Manio v. Derwinski,* 1 Vet.App. 140, 145–47 (1991). On consideration of the foregoing, it is

ORDERED that the decision of the Board is VACATED and the matter REMANDED for further adjudication consistent with this order.